W. J. Cox Co., Inc., Petitioner, v. District Court of Humacao and Jesús Amaral, Respondents.

No. 548. Argued January 10, 1927.—Decided January 28, 1927.

R. Castro Fernández for the petitioner. González Fagundo & González, Jr., for the adverse party.

Mr. Justice Aldrey delivered the opinion of the court.

W. J. Cox Co., Inc., took an appeal from a judgment

of the municipal court to the District Court of Humacao and caused that appeal to be included in the calendar of the latter court. Later appellee moved the district court to dismiss the appeal because the appellant had not asked for a day to be set for the trial at the reading of the calendar, and the court dismissed the appeal, over the objection of the appellant, on the ground that it was the appellant's duty not only to have the appeal included in the calendar, but also to ask for a day to be set for the trial, for, although this requisite is not expressly stated in the letter of the law, it is so required by its spirit for the sake of expedition in appeals from judgments of municipal courts. That ruling was brought up to this court by means of a writ of certiorari.

Subdivision 3, letter (b), of Act No. 93 to regulate appeals from judgments of municipal courts, approved March 31, 1919 (1917 (2) appendix), which is pertinent to the case, reads:

"In case appellant fails to solicit the inclusion of the action in the calendar, the district judge shall dismiss the action, taxing the costs upon the appellant, and the secretary shall immediately forward the case to the lower court for the execution of the judgment appealed from."

This provision is clear in its wording and directs the district judge to dismiss an appeal when the appellant fails to have his case included in the calendar; therefore, under section 13 of the Civil Code the letter of the law shall not be disregarded in order to apply its spirit, and still less shall be read into it words and concepts not contained therein, as occurs in this case where, though the law provides that an appeal shall be dismissed only when the appellant fails to request the inclusion of the case in the calendar, the court below dismissed the appeal on another ground not stated in the law. Nor was this the spirit of the law, because after the inclusion of the case in the calendar the expedition of the

law was attained in the proceeding, for either of the parties could apply for the setting of a day for the trial.

For the reasons stated the ruling appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.